**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Joseph C. STEMPLE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 3, 2007.

Filed Jan. 2, 2008.

Ernest D. Preate, Jr., Scranton, for appellant.

Cynthia A. Orpen, Asst. Dist. Atty., Mercer, for Com., appellee.

BEFORE: TODD, BOWES and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is an appeal from the order denying Appellant's petition under the Post Conviction Relief Act (PCRA). Appellant contends his sentence is illegal in various ways, and his arguments require us to determine the proper interpretation of the sentencing provisions of 75 Pa. C.S.A. § 3735(a) (homicide by vehicle while driving under the influence). For the reasons set forth herein, we reverse the PCRA court's order, vacate the sentence and remand for proceedings consistent with this opinion.

### Facts

¶ 2 In 2004, Appellant was charged with driving under the influence (DUI)[1], homicide while DUI[2] and related counts. There were two homicide victims. It appears that, initially, the criminal information reflected the two deaths in two separate counts, each one charging a violation of 75 Pa.C.S.A. § 3735(a). At the time this case arose, that statute read, in pertinent part, as follows:

---

* Retired Senior Judge assigned to the Superior Court.

1. 75 Pa.C.S.A. § 3731 (repealed by 2003, Sept. 30, P.L. 120, No. 24, § 14, effective Feb. 1, 2004; see now 75 Pa.C.S.A. § 3802).

2. 75 Pa.C.S.A. § 3735(a) (amended by 2003, Sept. 30, P.L. 120, No. 24, § 15, effective Feb. 1, 2004).

§ 3735. Homicide by vehicle while driving under influence

(a) Offense defined.—Any person who unintentionally causes the death of another person as the result of a violation of section 3731 [3] (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3731.

75 Pa.C.S.A. § 3735(a).

¶ 3 Because § 3735(a) discusses the interrelation of sentences for multiple deaths arising from one act of DUI, the trial court reasoned that the statute requires multi-death cases to be reflected in a single count covering all victims rather than a distinct count for each victim. The Commonwealth acquiesced to the court's interpretation of the statute regarding the issue of multiple deaths in one count and, accordingly, moved to amend the information to include the deaths of both homicide victims in a single count of DUI homicide. The court granted the motion.

¶ 4 Thereafter, Appellant pled guilty to the single count of DUI homicide—a single felony of the second degree—for the two deaths. He also pled guilty to DUI. The remaining charges were *nolle prossed.*

¶ 5 Appellant was later sentenced. Thereafter, he filed a post-sentence motion, and the court then modified his penalty, imposing a new sentence which, in pertinent part, included the following:

1. The Defendant shall undergo an imprisonment in the state penitentiary—for the first of two deaths arising out of this case—to a term of not less than five years nor more than ten years.

A consecutive three[-]year term of imprisonment is hereby imposed for the second victim whose death resulted from Defendant's violation of the Driving Under the Influence statute.

Sentencing Court Order, 12/06/04, at 1, 2.

¶ 6 As is apparent from the foregoing order, the consecutive penalty for the second victim was a flat three-year sentence, not a sentence involving a minimum and maximum term. During the resentencing hearing, the court expressed some uncertainty as to whether the flat sentence was to be aggregated with the minimum of five years or whether it might follow the maximum of ten years. The court voiced its belief that the Department of Corrections ("D.O.C.") and/or, perhaps, the appellate courts would decide the appropriate aggregation. Appellant's penalty also included other particulars such as restitution and credit for time spent in custody. After resentencing, Appellant did not file a post-sentence motion or a direct appeal.

¶ 7 Some four months after resentencing, D.O.C. asked the sentencing court to clarify whether Appellant's sentence in this case was to be consecutive or concurrent to unrelated sentences he was then serving. In response, the court entered an order indicating Appellant's sentence on the instant case was to be consecutive to all "outstanding sentence[s]". Sentencing Court Order, 04/29/05, at 1.

---

**3.** 75 Pa.C.S.A. § 3731. When, on February 1, 2004, section 3731 was repealed and 75 Pa.C.S.A. § 3802 took effect as the new DUI statute, section 3735 was amended accordingly, with "3802" being substituted for "3731" throughout the text.

¶ 8 Appellant later filed a timely PCRA petition, challenging his sentence as being illegal in various ways. The PCRA court denied relief. This appeal follows.

### Appellant's Claim

¶ 9 Appellant's claim of illegality involves a number of points. For example, he contends the sentence announced by the court is unclear, thus subject to multiple interpretations. In this vein, he argues that, if the flat sentence of three years for the second victim is added to the minimum term of five years for the first victim, Appellant's aggregate incarceration becomes eight to ten years. He then notes a sentence of this type violates 42 Pa.C.S.A. § 9756, the statute requiring a minimum term of confinement to be no more than half the maximum. Appellant thus concludes his sentence is illegal.

¶ 10 Alternatively, asserts Appellant, if the flat three-year sentence for the second victim is consecutive to the end of the ten-year maximum for the first victim, Appellant's maximum incarceration becomes thirteen years. Because the court required there to be only one count of DUI homicide, Appellant pled guilty to only one second-degree felony. The statutory maximum for a second-degree felony is ten years. 18 Pa.C.S.A. § 1103(2). Thus, claims Appellant, his maximum sentence of thirteen years would exceed the allowable maximum and, therefore, would be illegal.

¶ 11 Additionally, pervading all of Appellant's foregoing arguments is the more general, and more basic, question of whether the trial court's interpretation of the DUI homicide statute was correct in the first instance. Specifically, he challenges the court's determination that the statute calls for multiple deaths to be included in one count as contrasted with disparate counts for disparate victims. He also questions the finding made by the court that the statute mandates three- to six-year sentences for the first death and flat three-year sentences for additional deaths in a multideath case.

¶ 12 Appellant raises an additional point. He contends the sentence as stated by the court might somehow be interpreted to mean the flat three-year penalty was imposed not for the second homicide victim but, instead, for the DUI count. Appellant argues such a sentence is illegal because the charges of DUI and DUI homicide merge for sentencing purposes. *See Commonwealth v. Opperman*, 780 A.2d 714, 717 (Pa.Super.2001).

¶ 13 In a related contention, Appellant essentially argues that, whatever the sentencing court may have intended for the flat three-year sentence, D.O.C. has illegally applied that sentence to the DUI count.

¶ 14 Finally, Appellant claims it was illegal for the sentencing court to issue the order of April 29, 2005, which order indicated his sentence on this case was to be consecutive to his penalties on other cases. As part of his argument, Appellant contends the order modified his sentence by depriving him of certain credit time to which he was entitled. He then observes that, when the court issued the aforesaid order, more than thirty days had passed after his sentencing (*i.e.,* his resentencing) and, therefore, the court did not have jurisdiction to modify his sentence. Accordingly, contends Appellant, any modification was illegal.

### Legal Principles

¶ 15 A challenge to the legality of a sentence is cognizable under the PCRA. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999); 42 Pa.C.S.A. § 9543(a)(2)(vii). As Appellant's contentions raise such a challenge, we will review his claim. For us to do so, however, we must begin by recalling several principles

of statutory construction. When the words of a statute are clear and free of all ambiguity, we will not disregard the letter of the statute under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b). By contrast, when the words of a statute are ambiguous, we must ascertain the General Assembly's intentions. *Id.* at (c). In so doing, we may presume the Legislature did not intend a result that is impossible of execution. 1 Pa.C.S.A. § 1922(1). Also, this Court may presume the Legislature intended the entire statute to be effective and certain. *Id.* at (2). Thus, "[e]very statute shall be construed, if possible, to give effect to all of its provisions." 1 Pa.C.S.A. § 1921(a).

¶ 16 Another principle will also prove to be helpful. Specifically, when a general provision of one statute conflicts with a special provision in the same or another statute, the two shall be construed, if possible, to give effect to both. 1 Pa.C.S.A. § 1933. Where the conflict between the two is irreconcilable, the specific normally prevails as an exception to the general. *See id.*

¶ 17 Additionally, words necessary to the proper interpretation of a statute may be added in the construction thereof where they do not conflict with the obvious purpose and intent of the statute and do not affect its scope and operation. *See* 1 Pa. C.S.A. § 1923(c).

¶ 18 We also keep in mind the law dealing directly with Pennsylvania sentencing. For example, this Commonwealth employs an indeterminate sentencing scheme. *Commonwealth v. Kleinicke,* 895 A.2d 562, 572 (Pa.Super.2006). Under such a scheme, a sentencing court, when imposing a penalty of confinement, announces a sentence that includes both a minimum and a maximum term. *Id.;* 42 Pa.C.S.A. § 9756(a). The time the defendant will actually serve in custody is inde-

terminate at the moment of sentencing because the defendant may ultimately serve only the minimum, the maximum or any sentence between the two. *Kleinicke,* 895 A.2d at 572. In any event, the minimum period of confinement must not exceed one half the maximum. 42 Pa.C.S.A. §§ 9756(b), 9757. Additionally, statutes that mandate minimum periods of incarceration serve only to limit the sentencing court's discretion as to the minimum term, not as to the maximum term. *Kleinicke,* 895 A.2d at 572. The highest possible maximum term is, of course, set for each offense by the Legislature. *See, e.g.,* 18 Pa.C.S.A. §§ 1103–1105 (setting maximum terms for felony, misdemeanor and summary offenses). As we have already mentioned, the maximum for second-degree felonies such as DUI homicide is ten years. *See* 75 Pa.C.S.A. § 3735(a) (designating DUI homicide as a second-degree felony); 18 Pa.C.S.A. § 1103(2) (setting ten-year maximum for second-degree felonies).

¶ 19 Finally, when we review the decision of a PCRA court, we will not disturb the court's ruling unless it is unsupported by the record or contains an error of law. *Commonwealth v. Jones,* 932 A.2d 179, 181 (Pa.Super.2007). With the foregoing principles in mind, we turn to the instant case.

### Analysis

¶ 20 In the first portion of the DUI homicide statute, the words are clear. A court must impose "a minimum term of imprisonment of not less than three years" for a death caused by a violation of § 3731 (now § 3802). 75 Pa.C.S.A. § 3735(a). This specific directive to impose a minimum term of not less than three years certainly does not conflict in any way with the general statutory directives of indeterminate sentencing (42 Pa.C.S.A. §§ 9756, 9757) which require the imposition of both

a minimum and a maximum. Indeed, § 3735(a) merely states what the lowest possible minimum is, thus limiting the court's discretion as to the lowest minimum term. The greatest possible maximum, in turn, is set at ten years by 18 Pa.C.S.A. § 1103(2), the general provision governing felonies of the second degree.

¶ 21 It is helpful to note that, in *Commonwealth v. Bell*, 537 Pa. 558, 645 A.2d 211 (1994), the Pennsylvania Supreme Court discussed a situation resembling the instant one. *Bell* involved 18 Pa.C.S.A. § 7508(a)(1), a statute dictating mandatory minimum penalties for certain drug violations. Similar to the instant case, the relevant provisions of § 7508(a)(1) specified mandatory minimum terms of imprisonment without mentioning maximum terms. Also similar to the instant case, there was a separate statute, 35 P.S. § 780–113(f)(2), which did set the maximum term for the charged offenses. The Supreme Court reasoned that § 7508(a)(1) and § 780–113(f)(2) were to be construed together, the former providing a mandatory minimum term and the latter providing the greatest possible maximum. Analogously, in the present case, we have reached a result wherein 75 Pa.C.S.A. § 3735(a) provides the lowest possible minimum (*i.e.*, three years) and 18 Pa.C.S.A. § 1103(2) provides the greatest possible maximum (*i.e.*, ten years).

¶ 22 We also observe that the specific mandatory minimum dictated by § 3735(a) in no way conflicts with the general statutory principle that a defendant's minimum term is not to be more than half the maximum. Thus, under § 3735(a), a court is free to impose a sentence such as three to six years, three to ten years, five to ten years, or any other penalty having a minimum of at least three years, a maximum that is at least twice the minimum, and a maximum not exceeding ten years.

¶ 23 Based on the preceding discussion, we perceive no ambiguity in the first portion of the statute, and no conflict between that first portion and other relevant laws such as 42 Pa.C.S.A. §§ 9756, 9757 (indeterminate sentencing) or 18 Pa.C.S.A. § 1103(2) (maximum for second-degree felonies).

¶ 24 We now turn to the second portion § 3735(a). It reads, "A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3731 [now 3802]." 75 Pa.C.S.A. § 3735(a). This part of the statute clearly envisions cases where multiple deaths have occurred and requires the sentences for all deaths to be consecutive to one another. Indeed, an earlier version of the statute spoke of "separate" sentences for each death. *Id.* (amended by 1998, Dec. 21, P.L. 1126, No. 151, § 37, effective in 60 days.) That earlier version was eventually amended, clarifying the requirement that the sentences for multiple deaths be consecutive, not just separate. *Id.* Accordingly, we find the imposition of consecutive sentences for all deaths to be the purpose of the second portion of § 3735(a).

¶ 25 While it is clear the Legislature intended to require consecutive sentences for each death, the words of the second portion of § 3735(a) can give rise to an ambiguity as to the length of the individual sentences. Specifically, the second portion speaks of three-year terms, not of three-year minimum terms. Read literally, this provision could seem to call for flat sentences of three years, not indeterminate sentences having minima of at least three years.

¶ 26 The prospect of flat sentences, however, raises at least two concerns. First, flat sentences would conflict with the general statutory provisions requiring indeter-

minate sentences as set forth in 42 Pa. C.S.A. § 9756, 9757. The second concern is more complicated. Stated generally, it is this: Interpreting the words "three-year term" to mean a flat sentence of three years would ultimately cause § 3735(a) to be internally conflicting. Here is our reasoning. To begin with, one must recall that the second part of § 3735(a) contains the words "**each** victim...." 75 Pa.C.S.A. § 3735(a) (emphasis added). It does not contain the words "each **additional** victim," or "second and subsequent victims." Rather, the second part of the statute addresses each—which is to say each and every—victim's death. Thus, because the second part of § 3735(a) addresses each (*i.e.*, every) death, the end result of interpreting the words "three-year term" to mean a flat three-year sentence would be that each death (*i.e.*, every death) would be punished by that flat three-year sentence.

¶ 27 However, as we have already discussed, the first part of § 3735(a) indicates that a DUI offender who causes the death of another person (*i.e.*, any person) is to receive not a flat three-year sentence but, rather, an indeterminate sentence having a minimum of not less than three years. Accordingly, there would be an internal conflict between the first and second parts of § 3735(a) because one part would call for indeterminate sentences of at least three to six years for each death while the other part would call for flat sentences of three years for each death. A single sentence cannot be three to six years while it is also three flat years. Therefore, if the phrase "three-year term" is read to mean a flat three-year sentence, the statute becomes impossible of execution.

¶ 28 This problem can be further understood by considering the following. Just as the second part of § 3735(a) does not contain the words "additional death," or "second and subsequent deaths," the first

part of the statute does not contain the words "first death." That is, neither part of § 3735(a) is limited to any particular death. Rather, the first part speaks of "another person," (*i.e.*, each person) and the second part speaks of "each victim." *Id.* Therefore, the words of each part of § 3735(a) appear to encompass all deaths, yielding a situation where the first part of the statute mandates no less than a three- to six-year sentence for each death while the second part mandates a flat three-year sentence for each death. Once again, the internal conflict is apparent.

¶ 29 Some might argue that the solution to this internal conflict is merely to read the second part of § 3735(a) as implicitly applying only to additional deaths (*i.e.*, each **additional** death). Indeed, this was the sentencing court's approach. Thus, the first death would be governed by the first part of § 3735(a) (*i.e.*, a mandatory of no less than three to six years), and additional deaths would be governed by the second part (*i.e.*, a flat three-year sentence).

¶ 30 We find this approach to be incorrect. The fact that this approach requires the reader to assume an implied word (*i.e.*, the word "additional") is not itself problematic. *See* 1 Pa.C.S.A. § 1923(c). However, this approach goes farther and requires the reader to assume that the General Assembly wanted to mandate a lesser minimum penalty (*i.e.*, three years) for one person's death than for another (*i.e.*, three to six years). Thus, the seemingly simple approach of implying the word "additional" into the statute actually leads to a situation where different victims appear to be valued differently. Of course, it is not impossible that the Legislature might have intended different minimum mandatories, but it seems more likely that the Legislature would value every victim equally, thus mandating the same minimum sentence for

each person killed by a driver under the influence.

¶ 31 Another problem with the court's approach is that it does not address the concern that the flat sentences would still conflict with the general statutes requiring indeterminate sentences. Recognizing this unsolved problem, the court then reasoned that § 3735(a) is a specific statute while 42 Pa.C.S.A. §§ 9756, 9757 are general provisions. Therefore, concluded the court, the specific prevailed over the general, and flat sentences would be permissible even though they conflict with the general notion of indeterminate sentences.

¶ 32 Although the specific does sometimes prevail over the general, it is better to interpret specific and general statutes in a mutually consistent manner, avoiding conflicts, if doing so is possible. *See* 1 Pa.C.S.A. § 1933. Such an interpretation of the statute is, in fact, possible here. Indeed, our interpretation, which is different than that of the trial court, will avoid a specific-general conflict, avoid the need to have the specific prevail over the general, and will also produce a situation where the same mandatory minimum sentence is required for the death of each person killed by a DUI offender in a multideath case. Our solution is as follows.

¶ 33 As we have made plain, the second part of § 3735(a) does not speak of additional deaths; it speaks of each death. Moreover, as we have already determined, we believe the purpose of the second part of § 3735(a) is to ensure consecutive sentences, not to set different penalties for additional deaths than for the first death. In other words, we do not believe the Legislature wanted to require punishment of at least three to six years for one person's death while requiring punishment of only a flat three-year sentence for the death of another victim. Rather, we find the legislative goal of ensuring consecutive, minimum punishments of at least three to six years is a goal that logically applies to all deaths.

¶ 34 Keeping this legislative intent or goal in mind, we find the second portion of § 3735(a), when speaking of a three-year term, is implicitly referring to a three-year minimum term, not a flat three-year sentence. Additionally, as in the first portion of the statute, the requirement of a minimum term contemplates the contemporaneous imposition of a maximum term pursuant to Pennsylvania's indeterminate sentencing scheme. Therefore, we hold that, under § 3735(a), a sentence of no less than three to six years must be imposed for the death of each victim.[4]

¶ 35 We acknowledge that the sentencing court's interpretation and our interpretation both involve reading an implicit word or an implicit meaning into the statute in order to resolve its ambiguity. The trial court essentially found the words "each victim's death" implicitly meant each additional victim's death. We find the phrase "three-year term" implicitly means

4. The legislative intent about which we speak involves only minimum penalties simply because the Legislature has elected to mandate only those penalties. The Legislature has not said that every sentence for every death must be identical, but it has said that the lowest possible sentence that can be imposed for every death is the same. Thus, a legislative intent to ensure that each death results in at least three to six years' incarceration does not preclude courts from imposing higher sentences with respect to all or some deaths in a multideath case. Sentencing courts therefore retain discretion to impose sentences above the mandatory minimum. As an example, in a two victim case where the circumstances warrant, a court might exercise its discretion and impose three to six years for one victim and a consecutive four- to eight-year term for another victim, an aggregate penalty of seven to fourteen years.

three-year minimum term. However, while both approaches involve an implicit reading, the trial court's construction leads to conflicts between § 3735(a) and the general indeterminate sentencing provisions, and those conflicts then need to be resolved by having the specific statute (§ 3735(a)) prevail over the general ones (42 Pa.C.S.A. §§ 9756, 9757). By contrast, our construction does not lead to conflicts between the specific and the general but, rather, reconciles them. As such, our approach is more consistent with the principle of statutory construction that calls for the specific and the general to be construed together, giving effect to both and obviating the need for one to prevail over the other. *See* 1 Pa.C.S.A. § 1933. Moreover, our interpretation effectuates the legislative intent of ensuring that the death of each victim warrants, at the least, the same mandatory minimum sentence. The sentencing court's approach does not do so. We therefore reject the notion that the second part of § 3735(a) applies only to additional deaths and creates different mandatory minimum penalties for the deaths of different victims.

¶ 36 Our reading of § 3735(a) thus reconciles the second part of the statute with the first, gives effect to each part, allows the statute as a whole to be applied with certainty, and renders the entirety of the state consistent with the indeterminate sentencing principles of 42 Pa.C.S.A. §§ 9756, 9757. In particular, both provisions of § 3735(a) mandate indeterminate incarcerations of no less than three to six years for each death. Also, mandatory minimum sentences of at least three to six years are to be imposed consecutively for multiple deaths. Whatever sentences are imposed, the minima must not exceed half the maxima.[5]

¶ 37 Next, we consider the court's ruling that both deaths must be reflected in a single count. The sentencing court reasoned that, if separate deaths were listed in separate counts rather than being included in a single, multideath count, the first part of § 3735(a) would, in each count, dictate a sentence of at least three to six years for each individual death, and there would be no need for the second part of § 3735(a). Thus, the second provision of § 3735(a) would serve no purpose. We disagree. The purpose of the second part of § 3735(a) is to make clear that multiple sentences are to be consecutive. Accordingly, we find § 3735(a) does not mandate that multiple deaths be charged in a single count of homicide while DUI. Rather, multiple deaths are to be charged in multiple counts.

---

5. While we find that § 3735(a) is consistent with the general rule of 42 Pa.C.S.A. §§ 9756, 9757 that a minimum should not exceed half the maximum ("the min. ≤½ max. rule"), we realize there may be statutes which can lawfully result in a deviation from this general rule. For example, under the specific sentencing statutes applicable in *Bell*, defendants could be sentenced, depending on the quantity of drugs involved in their drug crimes, to incarceration of three to five years or to a flat term of five years. *Bell*, 645 A.2d at 217. Obviously, the minima in such sentences were more than half the maxima. Therefore, the sentences were inconsistent with the min. ≤ ½ max. rule. Nevertheless, the Pennsylvania Supreme Court found the sentences to be permissible. In so holding, the court observed: (1) that the min. ≤½ max. rule is merely statutory, not constitutional, and (2) that the specific sentencing statutes applicable to *Bell* contained certain prefatory language carving an exception to the min. ≤½ max. rule. In the case *sub judice*, however, the specific statutory provision at hand (*i.e.*, § 3735(a)) does not result in a sentence inconsistent with the min. ≤½ max. rule. Rather, § 3735 and §§ 9756, 9757 can be interpreted in a manner consistent with one another. Accordingly, we read those statutes in such a manner, giving effect to all of them.

¶ 38 Indeed, charging multiple deaths in a single count could, as Appellant points out, lead to a conflict with the sentencing code. For example, a single count of § 3735(a), a second-degree felony, would carry a maximum of ten years' imprisonment under 18 Pa.C.S.A. § 1103(2). Two deaths under § 3735(a), however, require an aggregate sentence of no less than six to twelve years. Thus, a two-death single count would yield a maximum of twelve years, a penalty in excess of the statutory maximum for second-degree felonies.

¶ 39 This problem is avoided, however, by charging separate deaths in separate counts. In that way, each offense—each count—would carry a maximum of ten years. In a two-death case, consecutive three- to six-year sentences, one placed at each of the two counts and aggregating to six to twelve years, would not violate any sentencing statute. Of course, the sentencing court could also elect to impose higher individual sentences such as five to ten years at one count and four to eight years at the second count. Once again, these consecutive penalties, aggregating to nine to eighteen years, would not conflict with any sentencing statute.

¶ 40 In sum, then, for a violation of 75 Pa.C.S.A. § 3735(a) involving multiple deaths, each victim's death must be reflected in a distinct count. If the defendant is convicted, the sentencing court must impose at each count an indeterminate sentence of incarceration where the minimum term of the sentence is not less than three years and where that minimum is not more than half the maximum. The maximum term imposed at each single count, *i.e.*, for one death, must not exceed ten years. At the least, the court must impose consecutive sentences of three to six years for each and every death.

¶ 41 In light of our foregoing analysis, we find the sentence imposed by the court to be illegal. It was illegal to impose a flat sentence of three years' incarceration for the second death rather than an indeterminate sentence. It was also error to sentence Appellant for a single DUI homicide having a statutory maximum of ten years rather than for two felonies, each one having a ten-year maximum limit. Therefore, the sentence cannot stand.

¶ 42 Furthermore, it is clear we must vacate the entire sentence imposed on Appellant, not merely the penalty for the second death, because vacating the flat three-year sentence reduces the aggregate penalty and upsets the overall sentencing scheme. In such cases, the appropriate step is to vacate the entire sentence and to remand for resentencing. *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa.Super.2006).

¶ 43 There are several remaining points we must address. First, we find there is no factual merit to Appellant's claim that the court might have imposed the flat three-year penalty on the DUI count rather than on the DUI homicide charge. It is clear the sentencing court imposed that sentence for the second DUI homicide victim, not for the DUI charge.

¶ 44 Next, because we vacate Appellant's sentence in its entirety, we need not determine the merits of his alternative claim that D.O.C. wrongly attributed the three-year sentence to the DUI count.

¶ 45 Similarly, because we vacate Appellant's entire sentence, we need not address the legality of the court's order of April 29, 2005, which was issued in response to the inquiry from D.O.C.; we vacate that order, too, pursuant to the reasoning already set forth herein.

¶ 46 At this point, we must return to the issue of the single count that encompasses the deaths of both victims. In the course of our analysis, it was necessary to consider the question of whether it was correct

to include both deaths in one count. We determined it was incorrect. To resolve this problem, we direct the trial court, on remand and prior to any resentencing, to entertain motions from the parties to remedy the defect of including both deaths in one count of the amended information.

¶ 47 In conclusion, we find the PCRA court committed an error of law in denying Appellant's PCRA petition. We reverse the order denying PCRA relief, vacate the sentence in its entirety and remand this matter for resentencing and proceedings consistent with this opinion.

¶ 48 Order denying PCRA relief reversed. Judgment of sentence vacated. Order of April 29, 2005, vacated. Case remanded with instructions. Jurisdiction relinquished.