J-A13023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :   PENNSYLVANIA

               v.                       :

TERRELL BARCLAY   :

              Appellant       :   No. 3428 EDA 2018

Appeal from the Order Dated November 5, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003585-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:           **FILED JULY 23, 2019**

Appellant Terrell Barclay appeals *pro se* from the order denying his first

Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends that his plea

counsel was ineffective by advising him to accept a negotiated guilty plea for

consecutive sentences, the Commonwealth's plea offer for consecutive

sentences was unlawful, and the trial court erred by accepting an unlawful

plea.  We affirm.

We state the facts as set forth at Appellant's guilty plea hearing:

> [Commonwealth]: . . . Judge, this offense occurred in the early
> hours of May 6, 2016.  Officer Farneskei of the Freemansburg
> Police was monitoring traffic on Freemansburg Avenue when he
> observed a vehicle traveling at a high rate of speed.  At the [sic]
> time he pulled out from his stationary position and attempted to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

follow the vehicle. Due to the speed of the vehicle he was pursuing he was never able to fully catch up to it; however, he was able to observe it at all times.

He observed the vehicle go left onto Willow Park Road and then observed a flash of light. When he approached he saw the remnants of a crash. The vehicle had crashed into three parked cars that were legally parked along the side of the road, the shoulder of the road of Willow Park Avenue -- or Willow Park Road. After the medics and fire came to extinguish the accident -- I should say while [sic] the officer did arrive on scene, he did observe -- one person did emerge from the crash that was identified as [Appellant] who stands here before you.

After the flames were extinguished it was determined that there were three other passengers in the vehicle. All three of the passengers were found in the seated position. The front passenger was Amanda Martin. The rear passenger was Joshua Edwards, and the rear passenger on the driver's side was Ashlee Mosher. The three of them were pronounced dead on [sic] the scene and were transported where an autopsy was performed by a forensic pathologist. The result of the autopsy did conclude that the three individuals died from blunt force trauma as a result of the accident.

Meanwhile, Your Honor, [Appellant] was transported to the hospital for medical, I guess, attention. During medical attention blood was taken from [Appellant] which the Commonwealth did receive. The blood was analyzed and it revealed that the defendant was operating his vehicle with a blood alcohol level of .19. He had THC as well as butylone in his system as well.

THE COURT: And those would be representative of which drugs?

[Commonwealth]: The THC is marijuana and the butylone is - it's also dibutylone, commonly from bath salts.

THE COURT: Okay.

[Commonwealth]: It was determined that the result of the accident was due to the fact [Appellant] was intoxicated at the time.

THE COURT: [Appellant]?

[Appellant]: Yes.

THE COURT: Do you agree to those facts?

[Appellant]: Yes.

N.T. Guilty Plea Hr'g, 11/22/17, at 15-17.

Appellant was arrested and charged with numerous offenses, including three counts of homicide by vehicle while driving under the influence.[2] Appellant negotiated a plea agreement in which the trial court would impose a sentence of four to ten years' incarceration for each of the three counts, with each sentence to "run consecutively to one another for an aggregate sentence of 12 years to 30 years." *Id.* at 2. The trial court reviewed the proposed aggregate sentence with Appellant:

> THE COURT: . . . The agreed-upon sentence would be to sentence you for . . . a minimum period of 4 years to a maximum period of 10 years in a State Correctional Institution. Do you understand that, [Appellant]?

_____

[2] We reproduce the version of the statute that was in effect at the time of Appellant's offense:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3802.

75 Pa.C.S. § 3735. The statute was subsequently revised on October 24, 2018.

[Appellant]: Yes.

THE COURT: Okay. So you are agreeing for each of the three counts that you would serve a term of imprisonment in a State Correctional Institution for a minimum period of 4 years to a maximum period of 10 years. Do you understand that?

[Appellant]: Yes.

THE COURT: And do you understand that, as part of that agreement, the sentences for each of the three counts will run consecutive to each other which means they will be added one to the other for a total sentence of a minimum period of 12 years to a maximum period of 30 years in a State Correctional Institution? Do you understand that, sir?

[Appellant]: Yes.

THE COURT: And do you understand, sir, that after you have served the 12 years in a State Correctional Institution, it will be the exclusive province and decision of the Pennsylvania Board of Parole whether to release you at the end of 12 years? Do you understand that?

[Appellant]: Yes.

THE COURT: You could end up serving more than 12 years and you could, if you violate your parole, serve the entire 30 years. Do you understand that, sir?

[Appellant]: Yes.

THE COURT: Okay. And are you in agreement with that sentence of 12 years to 30 years in a State Correctional Institution?

[Appellant]: Yes.

*Id.* at 8-9.

The trial court continued to question Appellant and noted that the record included a written guilty plea colloquy signed by Appellant. *Id.* at 9. Both

- 4 -

the written guilty plea colloquy and the court's oral colloquy asked whether Appellant was being compelled to plead guilty, to which Appellant denied any coercion. *Id.* at 14-15; Guilty Plea Statement (Colloquy), 11/21/17, at 10. Appellant acknowledged that he read, completed, understood, and initialed each page of the guilty plea colloquy. N.T. Guilty Plea Hr'g at 9-10. At the end of the hearing, the trial court again asked Appellant, "[i]s anyone forcing you to take the agreed-upon sentence of 12 years to 30 years in a State Correctional Institution?" N.T. Guilty Plea Hr'g at 15. Appellant responded, "No." *Id.* The Commonwealth read the victim impact statements into the record, and the court imposed the negotiated sentence.

Appellant did not file a post-sentence motion or a direct appeal. On July 13, 2018, the PCRA court docketed Appellant's *pro se* PCRA petition. Appellant's *pro se* petition alleged, among other things, that plea counsel was ineffective by not challenging the illegality of three consecutive sentences. Appellant's *Pro se* Pet. for PCRA Relief, 7/13/18, at 1-2 (unpaginated). The PCRA court appointed PCRA counsel, who then filed a *Turner/Finley*[3] letter and a petition to withdraw. PCRA counsel's *Turner/Finley* letter stated there was no merit to any of Appellant's claims. *Turner/Finley* Ltr., 10/3/18, at 1.

_____

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 4, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice. Order, 10/4/18. The order also granted PCRA counsel's petition to withdraw. *Id.* Appellant did not file a pleading responsive to the PCRA court's Rule 907 notice.[4] On November 5, 2018, the PCRA court formally dismissed Appellant's PCRA petition. Order, 11/5/18. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[5] The PCRA court filed a responsive opinion.

Appellant raises the following issues:

1. Was sentencing counsel ineffective for allowing Appellant [to] agree to a plea based upon consecutive sentences in violation of 42 Pa.C.S.A. § 9765, and case law by the Superior Court?

2. Was the Commonwealth in error to offer an unlawful plea agreement for consecutive sentences, that forces Appellant to

---

[4] On October 18, 2018, Appellant filed a *pro se* petition to proceed *pro se*, claiming that because PCRA counsel withdrew, he was entitled to a hearing under *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). On October 30, 2018, the PCRA court denied Appellant's petition as moot because PCRA counsel had already withdrawn. Order, 10/30/18. Although we acknowledge that Appellant has waived any "issues of PCRA counsel's effectiveness regarding *Turner/Finley* requirements [because] he decline[d] to respond to the PCRA court's notice of intent to dismiss," *Commonwealth v. Grayson*, ____ A.3d ____, ____, 2019 WL 2417016, *4 n.5 (Pa. Super. 2019) (citation omitted), PCRA counsel complied with the requirements of *Turner/Finley*.

[5] On November 27, 2018, the PCRA court ordered Appellant to comply with Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on December 13, 2018, but the PCRA court did not docket Appellant's statement until December 18, 2018. *See Commonwealth v. Hopfer*, 965 A.2d 270, 271 n.2 (Pa. Super. 2009) (stating, "Pursuant to the 'prisoner mailbox rule,' we deem [the defendant's] documents filed on the date when he placed them in the hands of prison authorities for mailing." (citation omitted)).

forfeit his right to challenge the Commonwealth's offering an agreement based upon an unlawful contract which cannot be enforced?

3. Was the trial court in error to accept an unlawful plea agreement with the Commonwealth, which is based upon an unlawful contract agreement which violates statutory authority of 42 Pa.C.S.A. § 9765 governing the results of a single act that caused the death of three victims that was accidental, and try replying [sic] upon the outcome of a decision of this Court that ruled contrary to a prior decision in another case; to justify denying Appellant the relief he's entitled to based upon older decisions of this Court?

Appellant's Brief at 5.

We summarize Appellant's arguments in support of all of his issues together.[6] Appellant claims that the Commonwealth's plea agreement for three consecutive sentences violates 42 Pa.C.S. § 9765,[7] and therefore the trial court imposed an unlawful sentence. *Id.* at 8. Appellant argues that plea counsel should have known the plea agreement was illegal and thus improperly convinced Appellant to accept the plea. *Id.* Appellant similarly asserts the Commonwealth acted outside its legal authority in offering such

---

[6] Although Appellant's arguments are difficult to understand, we are able to discern the above.

[7] This statute addresses the merger of sentences:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

- 7 -

an illegal plea agreement and the trial court erred by accepting it. *Id.* In support, Appellant cites to *Commonwealth v. Diaz*, 867 A.2d 1285 (Pa. Super. 2005), *Commonwealth v. Flynn*, 460 A.2d 816 (Pa. Super. 1983), and *Commonwealth v. Stemple*, 940 A.2d 504 (Pa. Super. 2008).

In addressing whether plea counsel was ineffective, we are guided by the following:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Grayson*, ___ A.3d at ___, 2019 WL 2417016 at *3 (citation omitted).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [the petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial.

*Id.* at ___, 2019 WL 2417016 at *3 (citation omitted).

A "challenge to the legality of a sentence is cognizable under the PCRA." *Stemple*, 940 A.2d at 507. In *Stemple*, the defendant raised a similar challenge to the legality of his sentence for homicide by vehicle while driving

- 8 -

under the influence, which resulted in the deaths of two victims.[8] *Id.* at 505.
In resolving the defendant's particular challenge, the ***Stemple*** Court
construed 75 Pa.C.S. § 3735(a) as requiring "consecutive sentences for each
death." *Id.* at 509-10. Ultimately, the ***Stemple*** Court reasoned:

> for a violation of 75 Pa.C.S.A. § 3735(a) involving multiple deaths,
> each victim's death must be reflected in a distinct count. If the
> defendant is convicted, the sentencing court must impose at each
> count an indeterminate sentence of incarceration where the
> minimum term of the sentence is not less than three years and
> where that minimum is not more than half the maximum. The
> maximum term imposed at each single count, *i.e.*, for one death,
> must not exceed ten years. **At the least, the court must
> impose consecutive sentences of three to six years for each
> and every death.**

*Id.* at 513 (emphasis added).

Initially, Appellant's reliance on the merger statute is misplaced as a
violation of Section 3735(a) that results in multiple deaths—here, Appellant's
actions resulted in three deaths—mandates three consecutive sentences. *See*
***Stemple***, 940 A.2d at 513. To the extent Appellant relies on ***Diaz*** and ***Flynn***,
neither case involved homicide by vehicle while driving under the influence.
*See **Diaz***, 867 A.2d at 1286 (resolving defendant's challenge to consecutive
sentences for burglary and theft by unlawful taking); ***Flynn***, 460 A.2d at 823
(concluding that for sentencing purposes, theft merged into burglary and

---

[8] Specifically, the defendant alleged, among other claims, that the trial court
erred by construing Section 3635(a) as requiring a three to six year sentence
for the first death followed by a flat three year sentence for any additional
deaths. ***Stemple***, 940 A.2d at 507.

robbery, and indecent assault merged into rape). Therefore, the Commonwealth's plea offer of three consecutive sentences was lawful. **See** 75 Pa.C.S. § 3735; **Stemple**, 940 A.2d at 513. The trial court, by extension, could accept the plea and impose the agreed-upon sentences. **See Stemple**, 940 A.2d at 513. Because Appellant cannot establish his claim had arguable merit, he cannot prevail on his contention that plea counsel was ineffective. **See Grayson**, ___ A.3d at ___, 2019 WL 2417016 at *3. Because the PCRA court's determination is free of legal error, we affirm the order below. **See id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/19