J-S18029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROSS BONADDIO | |
| Appellant | No. 885 MDA 2015 |

Appeal from the Judgment of Sentence March 24, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000807-2014

BEFORE: BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MARCH 10, 2016**

Ross Bonaddio appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County following his plea of guilty but mentally ill[1] to Kidnapping with the Intent to Inflict Bodily Injury or to Terrorize.[2] The Honorable Michael J. Barrasse sentenced Bonaddio to forty-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court held a hearing on September 26, 2014, to determine if Bonaddio was mentally ill at the time he committed the offense. Dr. Richard E. Fischbein, an expert in forensic psychiatry, testified that, within a reasonable degree of medical certainty, Bonaddio suffered from paranoid schizophrenia or schizoaffective disorder at the time of the crime and that this substantially affected his capacity to appreciate the wrongfulness of his actions or to conform his conduct to the requirements of the law.

[2] 18 Pa.C.S. § 2901(a)(3).

two to ninety months, followed by ten years of special probation.[3]  Following

our careful review of the parties' briefs, the record, and the relevant case

law, we affirm based on Judge Barrasse's opinion.

The trial court has fully summarized the procedural and factual history

of this case, which we adopt and need not restate here since we write for the

parties.  **See** Trial Court Opinion, 10/22/15, at 2-3.  On appeal, Bonaddio

challenges the discretionary aspects of his sentence, and points to several

violations of the Sentencing Code, as follows:

> Should the forty-two (42) to ninety (90) month sentence imposed after Mr. Bonaddio's plea of "Guilty But Mentally Ill" be set aside, and the case remanded for re-sentencing because, although the sentence was within [the] standard guideline range, application of the guidelines was clearly unreasonable (42 Pa.C.S.A. § 9781(c)(2)) and thus the sentence constitutes a manifest abuse of discretion and violates basic sentencing norms in that, given the extraordinarily mitigating circumstances arising from Mr. Bonaddio's mental illness, the sentence is unreasonably harsh and disproportionate to Mr. Bonaddio's reduced culpability, and further, the sentence violates specific provisions of the sentencing code in that the sentence evinces[:] a) a failure to consider Mr. Bonaddio's rehabilitative needs as mandated by 42 Pa.C.S.A. § 9721(b), b) a failure to consider that Mr. Bonaddio "did not contemplate that his conduct would cause or threaten serious harm" (42 Pa.C.S.A. § 9722(2)), c) a failure to consider "substantial grounds tending to excuse or justify" his conduct (42 Pa.C.S.A. § 9722(4)), d) a failure to consider the expert's opinion that Mr. Bonaddio would be "particularly likely to

---

[3] A person who is found guilty but mentally ill or who pleads guilty but mentally ill "may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense."  42 Pa.C.S. § 9727.

respond affirmatively to probationary treatment" (42 Pa.C.S.A. § 9722(10)), and e) the reasons for sentence were not adequately disclosed in open court at the time of sentencing (42 Pa.C.S.A. § 9721(b)).

Appellant's Brief, at 4.

Sentencing is a matter vested in the sound discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007). An appellate court must accord the sentencing court's decision great weight because the court is in the best position to consider the defendant's character, display of remorse, defiance or indifference, and the overall effect and nature of the crime. ***Id***. Additionally, challenges to the discretionary aspects of sentencing are not reviewable as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). Rather, an appellant challenging the discretionary aspects of his or her sentence must satisfy the following four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (some citations omitted). An appellant raises a substantial question when he demonstrates that the sentencing court's actions were inconsistent with the

Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Ferguson***, 893 A.2d 735 (Pa. Super. 2006).

Bonaddio has satisfied these procedural requirements for preserving his sentencing challenge, and the Commonwealth concedes that Bonaddio's Pa.R.A.P. 2119(f) Statement has raised a substantial question. ***See Commonwealth v. Diaz***, 867 A.2d 1285 (Pa. Super. 2005).

The trial court applied the proper governing principles and reviewed the statutory provisions governing guilty-but-mentally-ill pleas. Additionally, the court detailed the information that it considered before imposing the sentence, including the presentence investigation and psychiatric evaluations. Based upon our review, we agree with Judge Barrasse's assessment and analysis of Bonaddio's substantive claims, ***see*** Trial Court Opinion, at 4-12, and we conclude that Judge Barrasse did not abuse his discretion. We, therefore, affirm the judgment of sentence based on Judge Barrasse's opinion. We direct the parties to attach a copy of the opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2016

- 4 -

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| v. | : | 14 CR 807 |
| ROSS ANTHONY BONADDIO | : | |
| | : | |

## OPINION

**BARRASSE, J.**

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate

Procedure and pursuant to the request of the Superior Court. Appellant Ross Anthony Bonaddio

(herein after "Appellant") appeals this Court's March 24, 2015 Judgment of Sentence. The

Appellant's complaints on appeal are as follows, *verbatim*:

In light of the extraordinarily mitigating circumstances arising from the fact that Mr. Bonaddio suffers from "paranoid schizophrenia versus schizoaffective disorder", and was found "Guilty But Mentally Ill" of 18 Pa. C.S.A. § 2901(a)(3) after a hearing in which an expert offered an uncontradicted opinion that there is a strong correlation between Mr. Bonaddio's psychiatric illness and his crime, that Mr. Bonaddio believed he was helping the victim by assaulting her, that Mr. Bonaddio does not have an anti-social personality disorder, that he does not pose a risk of violence when taking his medications, and that he is a good candidate for treatment under supervised release, the sentence of forty-two (42) to ninety (90) months, although within the standard guideline range, constitutes a manifest abuse of discretion and violates basic sentencing norms in that it is unreasonably harsh, failed to give appropriate weight to the expert's recommendations, and is disproportionate to Mr. Bonaddio's reduced culpability, and the sentence violates specific provisions of the sentencing code in the sentence evinces a) a failure to consider Mr. Bonaddio's rehabilitative needs as mandated by 42 Pa.C.S.A. § 9721(b), b) a failure to consider that Mr. Bonaddio "did not contemplate that his conduct would cause or threaten serious harm" (42 Pa. C.S.A. § 9722(2)), c) a failure to consider "substantial grounds tending to excuse or justify" his conduct (42 Pa.C.S.A. § 9722(14) and d) the expert's opinion that Mr. Bonaddio would be "particularly likely to respond affirmatively to probationary treatment" (Pa. C.S.A. § 9722(10), and to whatever extent the court found aggravating

1

circumstances, they were not adequately explained in the court's "reasons for sentence" in violation of 42 Pa. C.S.A. 9721(b).

[Emphasis in original.]

Based upon the following reasons, including review of the record, the facts of the case, and the character of the Defendant, this Court's Judgment of Sentence on March 24, 2014 should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On January 27, 2014, Scranton police officers responded to a report of a woman yelling for help at the address where the Appellant and victim were living. Officers forced themselves into the house after Appellant refused to let them enter. Appellant took a fighting stance and began to yell at officers. He was told to get on the ground and refused. Officers tased Appellant, and eventually restrained him. Appellant's girlfriend was found naked, bloody, and bruised on the floor in the rear of the house. She stated that Appellant was beating her for three days and he had locked her in the house so that she could not escape. She attempted to escape, but Appellant chased her and dragged her back into the house. It was later determined that Appellant is a paranoid schizophrenic who went off his medication. Appellant was suffering from hallucinations and delusions in which he thought he had to beat the aliens or evil spirits out of the victim. Appellant also told the victim that aliens entered the bodies of his sons and he was going to shoot them in the head the next time they enter.

Appellant was charged with Kidnapping with the Intent To inflict bodily injury on or to terrorize in violation of 18 Pa.C.S.A. §2901(a)(3), Unlawful Restraint/ Involuntary Servitude in violation of 18 Pa.C.S.A.2902(a)(2), two (2) counts of Terroristic Threats with Intent to Terrorize Another in violation of 18 Pa.C.S.A. 2706(a)(1), Simple Assault in violation of 18

2

Pa.C.S.A. 2701(a)(1), False Imprisonment in violation of 18 Pa. C.S.A. 2903(a), Resisting Arrest or Other Law Enforcement in violation of 18 Pa.C.S.A. §5104, and Harassment – Subjecting Another to Physical Contact in violation of 18 Pa. C.S.A. § 2709(a)(1).

On August 25, 2015, Appellant entered a Guilty Plea the Kidnapping charge. This Court granted Appellant's Petition to Appoint and Fund an Expert to Provide an Opinion as to Guilty but Mentally Ill on September 11, 2014. After withdrawing his guilty plea, Appellant entered a plea of Guilty but Mentally Ill to Kidnapping with the Intent To inflict bodily injury on or to terrorize in violation of 18 Pa.C.S.A. §2901(a)(3) on September 26, 2014. The remaining charges were withdrawn.

On December 22, 2014, this Court ordered Appellant be committed to DOC custody for a sixty (60) day diagnostic evaluation. On March 24, 2015, after reviewing the presentence investigation and psychiatric evaluations, the Court sentenced Appellant to 42 to ninety (90) months imprisonment followed by ten (10) years special probation. Appellant filed a Motion for Reconsideration of Sentence on April 2, 2015, which was denied after a hearing on April 27, 2015. Appellant timely appealed.

## DISCUSSION

Initially, we note that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. Commonwealth v. Rossetti, 863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa.Super.2001) (citations omitted)).

3

Before reaching the merits of a discretionary sentencing issue, a court must ascertain whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. Commonwealth v. Mastromarino, 2 A. 3d 581, 588 (Pa. Super. 2010), cert. denied, 14 A.3d 581.

A court evaluates whether a particular issue raises a substantial question on a case-by-case basis. Commonwealth v. Rossetti, 863 A. 2d 1185, 1192 (Pa. Super. 2004). "[The court] will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Brown, 741 A. 2d 726, 735 (Pa. Super. 1999) (en banc). "[A] claim of excessiveness of sentence does not raise a substantial question where the sentence is within the statutory limits...." Id.

We believe that no substantial question exists to Appellant's sentence, as the sentence imposed upon Appellant was within the guidelines.

Even assuming Appellant's sentence is an appealable issue, we believe the sentence was appropriate and should be affirmed. First, it is well-established law that the sentencing function is a matter vested within the sound discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. See Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007). "[A]n abuse of discretion is more than a mere error of judgment. ... [A] sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Id. (quotations omitted). "An abuse of discretion may not be found merely because an appellate

4

court might have reached a different conclusion ..." Grady v. Frito-Lay, Inc., 839 A.2d 1038, 1046 (Pa. 2003). The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

Walls, 926 A.2d at 961-62 (citations omitted). Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. §9721(b). A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. Commonwealth v. Begley, 780 A. 2d 605, 644 (Pa. 2001); Commonwealth v. Constantine, 478 A.2d 39 (Pa. Super. 1984); Commonwealth v. Gallagher, 442 A.2d 820 (Pa. Super. 1982).

Further, if a Pre-Sentence Investigative Report exists, Pennsylvania Courts shall presume that the sentencing court "was aware of relevant information concerning the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988). The Devers court further articulated that "it would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." Id. See Commonwealth v. Boyer, 856 A. 2 149 (Pa. Super. 2004); Commonwealth v. Burns, 765 A.2d 1144 (Pa. Super. 2000).

5

Moreover, the fact that Appellant entered a plea of Guilty But Mentally Ill does not entitle Appellant to any reduction in sentence. The statute pertaining to disposition of persons who plead guilty but mentally ill provides in relevant part as follows:

> (a) Imposition of sentence.—A defendant found guilty but mentally ill or whose plea of guilty but mentally ill is accepted under the provisions of 18 Pa.C.S.A. § 314 (relating to guilty but mentally ill) may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense.

42 Pa.C.S.A. § 9727.

Our Pennsylvania Supreme Court has reiterated that "a defendant found to be guilty but mentally ill is entitled to no reduction in sentence." Commonwealth v. Santiago, 579 Pa. 46, 78, 855 A.2d 682, 701 (2004). Our legislature has specifically dictated that a defendant found guilty but mentally ill "may have any sentence imposed on him which may lawfully be imposed on any defendant convicted of the same offense." Id. at 78–79, 855 A.2d at 701 (quoting 42 Pa.C.S.A. § 9727(a)); see also Commonwealth v. Diaz, 867 A.2d 1285, 1287 (Pa.Super.2005) (stating that "[t]here is no mandatory reduction in sentence because a defendant has acted due, at least in part, to mental illness").

In the present case, prior to imposing sentence, this Court had the benefit of a pre-sentence investigative report, which was reviewed in its entirety. Upon review, this Court considered the particular circumstances of the offense, as well as the character of the Appellant. In imposing Appellant's sentence, we first took into consideration the sentencing guidelines. As stated above, Appellant was sentenced within the standard guidelines for the offense committed. We also took into account Appellant's prior criminal history.[1] N.T. March 24, 2015, p. 11. Additionally, we considered the particular circumstances of the offenses committed, the impact on the victim, and the need to deter Appellant and others from committing this type of offense,

---

[1] The Presentence Investigation Report calculated Appellant's Prior Record Score at 2.

6

and the protection of the community at large. This Court considered all the aggravating and mitigating factors, the presentence investigation report, the psychiatric evaluation report, and Appellant's testimony in this case. Id. at 12. Even at Sentencing when asked why, considering the violent nature of crime, the Court shouldn't be more concerned about the safety and welfare of the public, the Appellant placed blame on the fact the lack of medication, but brushed over the fact that he chose to stop taking the medication, despite his diagnosis. Appellant stated: "I'm sorry for what I did. It wasn't my fault. I was not taking my medications. I thought I was helping the people. I was incompetent at the time." Id. When asked why he wasn't taking his medications the Appellant stated "I ran out of them. I never got them refilled. ..." Id. This Court then sentenced Appellant in the standard range to forty-two (42) to ninety (90) months incarceration followed by ten (10) years probation. Id. at 13.

Appellant's specific complaints on appeal regarding the discretionary aspects of his sentence are as follows:

a) a failure to consider Mr. Bonaddio's rehabilitative needs as mandated by 42 Pa.C.S.A. § 9721(b),

b) a failure to consider that Mr. Bonaddio "did not contemplate that his conduct would cause or threaten serious harm" (42 Pa. C.S.A. § 9722(2)),

c) a failure to consider "substantial grounds tending to excuse or justify" his conduct (42 Pa.C.S.A. § 9722(14) and

d) the expert's opinion that Mr. Bonaddio would be "particularly likely to respond affirmatively to probationary treatment" (Pa. C.S.A. § 9722(10),

[e)] and to whatever extent the court found aggravating circumstances, they were not adequately explained in the court's "reasons for sentence" in violation of 42 Pa. C.S.A. 9721(b).

## A. Whether the Court Abused Its Discretion In Failing to Consider Mr. Appellant's Rehabilitative Needs As Mandated By 42 Pa.C.S.A. § 9721(b)?

Appellant's assertion that the Court abused its discretion or violated basic sentencing norms is without merit.

The Sentencing Code states the following regarding the types of confinement and supervision a sentencing court may impose:

> **(b) General standards.**--In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

As previously stated, in imposing sentence, this Court did consider the rehabilitative needs of the Appellant, as well as the safety and protection of the public and the gravity of the offense as it relates to the impact on the victim and the community. This Court considered all the aggravating and mitigating factors, the presentence investigation report, the psychiatric evaluation report, and Appellant's testimony in this case. **N.T. March 24, 2015, p. 12.** This was a violent incident in which Appellant imprisoned and beat his girlfriend while suffering from hallucinations due to the fact that Appellant failed to take his prescribed medication for his mental illness. The victim was found naked, bloody, and bruised from being repeatedly shoved, punched, and kicked. The Court also considered Appellant's prior criminal history, his prior failures to address his mental illness and follow through with treatment. **Id.** at 4, 8. The Court also considered the fact that Appellant did not really accept responsibility for his behavior. **Id.** a 4-5. Additionally, the Court considered the potential harm to public that Appellant could cause. **Id.** at 7. Furthermore, the Court took into consideration the fact that the expert opined that Appellant did not need to be committed to facility like Norristown or Warren State, but would do well in a state correctional facility with a strong psychiatric backup. N.T. September 26, 2014,

p. 10. This Court determined in its discretion that based on the Appellant's character, background, psychological report, expert testimony, and the nature of the offense itself, a sentence of imprisonment within the guidelines was the most appropriate and best served the purposes of sentencing.

**B. – D. Whether the Court Abused Its Discretion or Otherwise Violated Specific Provisions of the Sentencing Code by Failing to Give Adequate Weight to Factors in Favor of Probation?**

Appellant's second, third, and fourth matters complained on appeal assert that the Court failed to consider that factors to be given weight in favor of probation under 42 Pa.C.S.A. § 9722. Specifically, Appellant contends that the Court failed to consider that Appellant "did not contemplate that his conduct would cause or threaten serious harm" under 42 Pa.C.S.A. § 9722(2), failed to consider "substantial grounds tending to excuse or justify" Appellant's conduct under Pa. C.S.A. § 9722(4), and failed to consider the expert's opinion that Appellant would be "particularly likely to respond affirmatively to probationary treatment" under Pa. C.S.A. § 9722(10). Appellant claims that violating these specific provisions of the Sentencing Code resulting in a manifest abuse of discretion and violated basic sentencing norms.

Appellant's claims are again without merit. In Section 9722, the legislature specifically states that the grounds listed therein are to be given weight in favor of probation, but are not controlling upon the discretion of the court. 42 Pa. C.S.A. § 9722. The factors under Section 9722 are to be given weight in favor of probation, but do not mandate probation. Sentencing discretion remains with the court. Moreover, the other facts and circumstances surrounding the nature of the case and goals of sentencing are also accorded weight. In this case, the Court found that the factors in favor of incarceration outweighed those in favor of probation. The Court considered all facts in the record, including the presentence investigation report and the

9

psychological exam report, applied such facts to the Sentencing Code, and balanced the sentencing purposes of rehabilitation, deterrence, and incapacitation. As explained in above, the Court discussed specific factors regarding the Appellant and determined that, in its judgment, the sentence imposed was appropriate.

### E. Whether the Court Abused Its Discretion In Failing to Adequately Explain Any Aggravating Circumstances in the Court's "Reasons For Sentence" In Violation of 42 Pa. C.S.A. §9721(b)?

Appellant's final matter complained of on appeal asserts that to whatever extent the court found aggravating circumstances, they were not adequately explained in the court's "reasons for sentence" in violation of 42 Pa. C.S.A. § 9721(b).

The relevant portion of Section 9721(b) provides that:

In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa. C.S.A. § 9721(b).

Further, the Supreme Court of Pennsylvania explained in <u>Commonwealth v. Devers,</u>

A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

<u>Devers,</u> 546 A.2d 12, 18 (Pa. 1988).

As previously stated above, the Court in this matter reviewed both the presentence investigation report and psychological examination prior to Sentencing. As the Court in Devers stated: "a pre-sentence report constitutes the record and speaks for itself." <u>Id.</u> In addition to the

10

presentence report and psychological exam reports, the Court made on the record references to the Appellant's prior criminal history and failures to follow through, N.T. March 24, 2015, p. 4, 8. The Court also considered the violent nature of this crime, the impact on the victim, as well as the potential for future harm to the public. Id. at 11.

This Court observed that the Appellant's serious mental condition has been the focus of this criminal offense and a factor in the Appellant's prior criminal history. According to past medical records, a report from Dr. Richard Fischein that has been received into evidence at the time of the Appellant's guilty plea, as well as a court-ordered psychiatric evaluation from SCI Camp Hall, the Appellant has a history of Paranoid Schizophrenia and Delusional Disorder dating back to 2005. The Appellant was prescribed psychiatric medications Seroquel, Ativan, and Ambien, which he failed to take at the time of the offense. Appellant has also been hospitalized in the past for mental health treatment in 2005 and 2011. Appellant has been using steroids since 2007.

As such, this Court had to balance what the Appellant requires in light of his mental illness with what the law and society require, especially the safety of others. As previously stated, under Pennsylvania law, a defendant whose plea of guilty but mentally ill is accepted may be sentenced to any sentence that may lawfully be imposed upon a defendant convicted of the same offense. In addition, mental illness alone cannot absolve a defendant from criminal responsibility, rather such a determination depends upon the facts of the case. The facts of this case indicate that the Appellant admitted to locking the doors of the house and attempting to force the evil spirits out of the victim. The Appellant admitted that he was off his medication at the time of the offense because he failed to refill his prescription and thought he no longer

11

needed it. The Appellant has shown that he cannot self-remediate his mental impairments, rather the Appellant is stabilized in the structured environment of the prison.

Accordingly, the Court recognized that the Appellant has received mental health treatment for several years and stated that he was sorry for committing the crime. However, the Appellant's mental illness coupled with the violent and aggressive behavior he exhibited when unmedicated warrants intensive monitoring through incarceration with ongoing psychological therapy and treatment. Incarceration in a state correctional facility will provide a level of mental health service to aid the Appellant in his rehabilitation. Thus, this Court sentenced Appellant in the standard range of forty-two (42) to ninety (90) months imprisonment.

Therefore, based on the presentence report, psychological exam reports, and the Court's observations statements during sentencing, this Court did adequately describe the aggravating factors and no abuse of discretion occurred.

## CONCLUSION

Accordingly, the sentence imposed by this Court was appropriate under the guidelines and given the facts and circumstances of this case. Therefore, this Court's March 24, 2015 Judgment of Sentence of this Court should be affirmed.

BY THE COURT

_____, J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Memorandum has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals: