J-S48033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD CHERRY | : | |
| | : | |
| Appellant | : | No. 2591 EDA 2017 |

Appeal from the Judgment of Sentence July 12, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0008501-2016

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 10, 2018**

Appellant, Gerald Cherry, appeals from the judgment of sentence imposed following his non-jury trial conviction of burglary, criminal trespass, and receiving stolen property.[1]  Specifically, he challenges the sufficiency of the evidence to sustain his conviction, and argues that his sentence is illegal. We affirm in part and vacate in part.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's December 15, 2017 opinion. Appellant was arrested in relation to a burglary of a convenience store.  During a non-jury trial on May 8, 2017, the Commonwealth introduced the testimony of Ms. Maria Prats, the storeowner.  She testified that during the night between August 16 and 17, 2016, the back door of her convenience store was broken

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3503(a)(1)(ii), and 3925(a), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

into and many items were taken from the store. (*See* N.T. Trial, 5/08/17, at 6-8). She confirmed that she had video surveillance of the store, and stated that the two men who were on the video tape during the burglary were not permitted to be in the store. (*See id.* at 9-15). Ms. Prats was not initially able to identify either man in the video. On cross-examination, she acknowledged that Appellant was a regular customer in the store, and on re-direct examination, stated that he was one of the people on the surveillance video. (*See id.* at 20-22).

One of the men in the surveillance video had a distinctive tattoo on one of his forearms and, prior to resting, the Commonwealth requested that Appellant display the tattoo on his arm for the court. (*See id.* at 23). Appellant testified on his own behalf concerning the tattoo, and stated that other people in his neighborhood have the same tattoo and it is available in several tattoo parlors. (*See id.* at 24-25). At the conclusion of trial, the court found Appellant guilty of all charges. (*See id.* at 31).

On July 12, 2017, the court imposed a sentence of not less than two and one-half years nor more than five years' imprisonment for burglary, followed by a consecutive sentence of five years of probation for criminal trespass, and five years of probation for receiving stolen property, concurrent to the other probation sentence. Appellant did not file a post-sentence motion. This timely appeal followed.

On September 13, 2017, the court issued an order directing that Appellant file a concise statement of errors pursuant to Rule 1925(b) no later

than twenty-one days after entry of its order. The trial court entered its opinion on December 15, 2017, noting that Appellant had failed to comply with its order and timely file a statement of errors. *See* Pa.R.A.P. 1925(a). Appellant filed his concise statement of errors complained of on appeal on December 19, 2017. *See* Pa.R.A.P. 1925(b).[2]

Appellant raises three issues on appeal.

1. Was not the evidence legally insufficient to establish [Appellant's] identity as one of the men who committed the crimes?

2. Does not a misdemeanor theft charge, based on a theft being the intended crime committed in a burglary, merge for sentencing with a burglary sentence under 18 Pa.C.S.[A.] § 3502(d)?

3. Did not the conviction for criminal trespass merge for sentencing with burglary under 42 Pa.C.S.[A.] § 9765, and would not a contrary ruling require that the statute be declared unconstitutional on its face or as applied under the Pennsylvania Constitution as a violation of separation of powers and double jeopardy rights?

(Appellant's Brief, at 2) (unnecessary capitalization omitted).

Appellant's first issue challenges the sufficiency of the evidence to support his conviction, for which our standard of review is well settled.

The standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find

_____

[2] Although Appellant failed to comply with the court's order and timely file his Rule 1925(b) statement, we decline to find that he waived his issues because the trial court was able to adequately address Appellant's sufficiency of the evidence claim, and Appellant's challenges to the legality of his sentence are not waivable. *See Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa. Super. 2001).

every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Orr*, 38 A.3d 868, 872-73 (Pa. Super. 2011) (*en banc*), *appeal denied*, 54 A.3d 348 (Pa. 2012) (citation and emphases omitted).

Appellant challenges the sufficiency of the identification evidence against him. (*See* Appellant's Brief, at 9-13). Specifically, he argues that Ms. Prats was initially unable to identify either man in the surveillance video, and only on redirect examination stated that the man in the darker shirt was Appellant. (*See id.* at 9-10). Further, he claims that the similarity between the tattoo on his arm, which he displayed during trial, and the tattoo on the perpetrator's arm, was insufficient to establish his identity. (*See id.* at 10-12). We disagree.

"[E]vidence of identification need not be positive and certain to sustain a conviction." *Commonwealth v. Jones*, 954 A.2d 1194, 1197 (Pa. Super. 2008), *appeal denied*, 962 A.2d 1196 (Pa. 2008) (citation omitted). Furthermore, "[a]lthough common items of clothing and general physical

characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator." *Orr*, *supra* at 874 (citation omitted).

In the instant case, the Commonwealth presented a surveillance video, which depicted the perpetrator's image, (*see* N.T. Trial, at 10-15), the testimony of Ms. Prats, who explained that Appellant, who was a regular customer in her store, was the person she saw on the surveillance video, (*see id.* at 21-22), and evidence of Appellant's tattoo on his left arm, which was similar to the tattoo on the left arm of the perpetrator in the video. (*See id.* at 23).

Upon review, considering all circumstantial evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence was sufficient to establish Appellant's identity as one of the perpetrators of the burglary, and to sustain his conviction. *See Orr*, *supra* at 872-74. Appellant's first issue does not merit relief.

In his second issue, Appellant challenges the legality of his sentence. Specifically, he argues that his misdemeanor theft by receiving stolen property count should have merged for sentencing with his burglary count. (*See* Appellant's Brief, at 13-14). The Commonwealth concedes that the charges should have merged for sentencing. (*See* Commonwealth's Brief, at 11). We agree.

18 Pa.C.S.A. § 3502 states: "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the

burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d); *see Commonwealth v. Diaz*, 867 A.2d 1285, 1288 (Pa. Super. 2005) (holding that theft that occurred during course of burglary merges with corresponding burglary).

In the instant case, it is clear that Appellant's intent in burglarizing the store was to commit theft. Accordingly, based on section 3502(d), he should not have been sentenced for both the burglary and the misdemeanor theft conviction. Thus, we vacate Appellant's sentence of five years of probation for theft. However, because this probationary sentence was imposed concurrent to a five-year probationary sentence for criminal trespass, vacation of Appellant's theft sentence does not upset the trial court's sentencing scheme. Therefore, we are not required to remand to the trial court. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008) ("[I]f our decision does not alter the overall scheme, there is no need for a remand.") (citation omitted).

In his third issue, Appellant argues that his conviction of criminal trespass should merge with his conviction for burglary for sentencing purposes. (*See* Appellant's Brief, at 14-29). Appellant acknowledges that this Court has held that criminal trespass does not merge with burglary for sentencing purposes, but "wishes to preserve this issue . . . for *en banc* consideration and Supreme Court review." (*Id.* at 15). In addition, Appellant argues that "the legislative enactment, 42 Pa.C.S.[A.] § 9765, is

unconstitutional on its face or as applied, because it violates separation of powers and double jeopardy rights guaranteed by the Pennsylvania Constitution." (*Id.* at 21) (unnecessary capitalization omitted). Appellant's claim does not merit relief.

> A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. *Commonwealth v. Allen*, 24 A.3d 1058, 1062 (Pa. Super. 2011). Therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.*

The Crimes Code defines burglary as follows:

> **§ 3502. Burglary**
>
> **(a) Offense defined.—**A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S.A. § 3502(a).

The Crimes Code defines criminal trespass as follows:

> **§ 3503. Criminal trespass**
>
> **(a) Buildings and occupied structures.—**
>
>> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
>>
>> (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or
>>
>> (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503(a)(1).

Whether these two offenses merge will turn on Section 9765 of the Sentencing Code, which addresses merger and provides:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act **and** all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added).

***Commonwealth v. Quintua***, 56 A.3d 399, 400-01 (Pa. Super. 2012), *appeal denied*, 70 A.3d 810 (Pa. 2013).

In ***Quintua***, this Court considered the same issue raised in this matter, whether criminal trespass and burglary should merge for sentencing purposes. The ***Quintua*** Court stated that our Supreme Court in ***Commonwealth v Baldwin***, 985 A.2d 830 (Pa. 2009), held that the plain language of section 9765 demonstrated "a legislative intent 'to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.'" ***Quintua***, ***supra*** at 401 (quoting ***Baldwin***, ***supra*** at 837).

The ***Quintua*** Court then applied Pennsylvania's merger law and concluded that:

[e]xamining the elements of criminal trespass, a conviction for that offense requires a person: (1) to break or enter into with subterfuge any building or occupied structure; (2) knowing he is not licensed or privileged to do so. *See* 18 Pa.C.S.A. § 3503(a)(1). On the other hand, to commit burglary, a person

- 8 -

must: (1) enter a building or occupied structure; (2) with intent to commit a crime therein. *See* 18 Pa.C.S.A. § 3502(a). The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge.

*Id.* at 402 (case citation omitted).

Instantly, Appellant has acknowledged that this Court is bound by the **Quintua** Court's rulings. (**See** Appellant's Brief, at 15). We agree, and thus conclude that, because criminal trespass does not merge with burglary, Appellant's third issue is meritless.[3]

Judgment of sentence affirmed in part and vacated in part.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18

_____

[3] To the extent that Appellant attempts to argue an issue concerning the constitutionality of section 9765, adopting the separation of power and double jeopardy concerns raised by Chief Justice Castille's concurrence in **Baldwin**, (**see** Appellant's Brief, at 21-29), we find that argument waived for failure to raise it before the trial court. *See Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017), *appeal denied*, 187 A.3d 210 (Pa. 2018) ("The law is clear that issues, even those of constitutional dimension, are waived if not raised in the trial court.") (citation and internal quotation marks omitted); *see also* Pa.R.A.P. 302(a).