J-S27041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
  :
v.   :
  :
  :
  :
MCKINLEY WILLIAM BERRY   :
  :
Appellant   :   No. 1794 WDA 2018

Appeal from the PCRA Order Entered December 3, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000288-2016

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                 **FILED JUNE 25, 2019**

Appellant, McKinley William Berry, *pro* se, appeals from the order

entered December 3, 2018, that dismissed his first petition filed under the

Post Conviction Relief Act ("PCRA")[1] without a hearing. We affirm.

This Court previously fully and correctly set forth the relevant facts and

procedural history of this case as follows:

> Appellant and his co-conspirators . . . attempt[ed] to rob drug
> dealers . . . [T]he Commonwealth offered a plea agreement to
> Appellant. That agreement would dismiss all other charges and
> permit Appellant to plead guilty to "burglary, robbery, and criminal
> conspiracy to commit aggravated assault." N.T., 1/24/2017, at
> 3-4. In addition, the Commonwealth and Appellant agreed to a
> sentence of five to ten years of incarceration for burglary, a
> consecutive three-and-a-half to seven years of incarceration for
> robbery, and a concurrent five to ten years of incarceration for
> criminal conspiracy. The trial court accepted the plea agreement

_____

[1] 42 Pa.C.S. §§ 9541–9546.


*   Retired Senior Judge assigned to the Superior Court.

and scheduled sentencing for March 2, 2017. The trial court imposed the agreed-upon sentence that day.

On May 26, 2017, Appellant filed *pro se* a post-sentence motion. The trial court denied that motion, and Appellant timely filed *pro se* a notice of appeal. Appellant filed a request with this Court to withdraw that appeal, and on July 19, 2017, this Court discontinued the appeal. On July 20, 2017, Appellant *pro se* filed a PCRA petition. On July 25, 2017, the PCRA court, not realizing the prior appeal was discontinued, dismissed Appellant's PCRA petition without prejudice.

On October 20, 2017, Appellant filed *pro se* another PCRA petition. Counsel was appointed, and she filed a petition to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 20, 2017, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907 (Rule 907 notice), which granted counsel's petition to withdraw and provided Appellant 20 days to file a response. Appellant did not respond, and on January 19, 2018, the PCRA court dismissed Appellant's petition.

Appellant timely filed a notice of appeal. On February 12, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant did not file a statement, and on March 9, 2018, the PCRA court issued an opinion concluding that Appellant had waived all issues on appeal for failing to file timely a concise statement. **See** PCRA Court Opinion, 3/9/2018.

On March 16, 2018, Appellant *pro se* filed an application for relief with this Court, claiming that he did not receive a copy of the concise statement order, and requesting that he be permitted to file his concise statement. On March 23, 2018, this Court entered an order directing the PCRA court to determine whether it had served Appellant with a copy of its concise statement order. This Court suspended the briefing schedule and retained jurisdiction. Meanwhile, on March 19, 2018, Appellant filed a concise statement.

On April 17, 2018, the PCRA court filed an opinion stating that the concise statement order was not mailed to Appellant's proper address until March 5, 2018; thus, it concluded Appellant's March 19, 2018 concise statement was timely filed. PCRA Court Opinion, 4/17/2018, at 1. The PCRA court, however, also learned

- 2 -

that Appellant was never served the Rule 907 notice, which granted counsel's petition to withdraw and permitted Appellant to file a response. Thus, the PCRA court request[ed] that this Court remand the case to permit Appellant to file a response to the Rule 907 notice. *Id.* at 2. . . . [W]e agree[d] with the PCRA court that remand is necessary . . .

Accordingly, we vacate[d] the January 19, 2018 order dismissing Appellant's PCRA petition and remand[ed] for the PCRA court to re-file and send its Rule 907 notice to Appellant.

*Commonwealth v. Berry*, No. 170 WDA 2018, unpublished memorandum at 1-5 (Pa. Super. filed September 5, 2018) (footnotes omitted).

Upon remand, on November 2, 2018, the PCRA court re-entered its notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907, and, on November 14, 2018, Appellant filed a response. On December 4, 2018, the PCRA court dismissed Appellant's petition. On December 18, 2018, Appellant filed this timely appeal.[2]

Appellant presents the following issues for our review:

1.  Was the lower court in error to rely upon Appellant's negotiated plea as a means to justify sentencing counsel's coercing Appellant to agree to the terms of the consecutive sentences in violation of 42 Pa.C.S.A. § 9765, in contrast to this Court's decision in *Commonwealth v. Diaz*, 867 A.2d 1285 (Pa. Super. 2005); that burglary and robbery merger for sentencing purposes, even in a negotiated plea agreement case, to justify not agreeing to re-sentence Appellant?

2.  Was the lower court in error to claim; "...even if the crimes were merged, the court is not required to sentence accordingly" despite this Court's ruling in *Diaz Id.* when Appellant's plea was

---

[2] Appellant filed his statement of errors complained of on appeal on January 10, 2019. The trial court entered its opinion on February 27, 2019.

- 3 -

based upon both burglary and robbery as an overall single act to accomplish a particular goal?

3. Was the lower court in error to claim, "...statutory law and decisional law provides that robbery does not merger with burglary" in contrast to this Court's ruling noted in *Diaz Id.* to again decline re-sentencing Appellant to concurrent sentences for said offenses?

4. Was the lower court in error to deny Appellant's assertion that sentencing and appellate counsel was not ineffective for not pursuing Appellant's consecutive sentences challenges as noted herein, within accordance to this Court's ruling in *Diaz Id.*?

Appellant's Brief at 3 (emphasis in original) (suggested answers and unnecessary capitalization omitted) (some additional formatting).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 2019 PA Super 119, *8 (filed April 17, 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

Appellant's first three issues concern his argument that the trial court erred in declining to apply the merger doctrine to his charges of burglary and robbery. Whether Appellant's burglary and robbery convictions merge for sentencing is a question implicating the legality of Appellant's sentence and is thus cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii) (eligibility for relief under PCRA includes claims of "imposition of a sentence greater than the lawful maximum").

Section 9765 of the Judicial Code controls the merger of sentences:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other

offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other. . . .

However, our Supreme Court has long recognized that "the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20, 22 (1994). The Court in *Anderson* noted its continuing concern to avoid giving criminals a "volume discount" on crime. *Id.*

*Commonwealth v. Calhoun*, 52 A.3d 281, 284-85 (Pa. Super. 2012).

Preliminarily, we note that Appellant's reliance on *Commonwealth v. Diaz*, 867 A.2d 1285 (Pa. Super. 2005), is misplaced, because *Diaz* states that burglary and theft by unlawful taking merge for sentencing purposes, not burglary and robbery. *Id.* at 1286.

There is no dispute in the current action that Appellant's convictions for burglary and robbery arose out of the same set of facts. Nevertheless, it is well-settled that "robbery does not merge with burglary" for sentencing purposes. *Commonwealth v. Danzy*, 340 A.2d 494, 496 (Pa. Super. 1975).

Robbery . . . is not a lesser-included offense of Burglary, nor is Burglary a lesser-included offense of Robbery. They are two separate and distinct crimes, the one, Robbery, being primarily concerned with the physical person of the victim, and the other, Burglary, being primarily concerned with the entering into a building. . . . [T]he Burglary offense does not merge into the Robbery offense.

*Commonwealth v. Dockins*, 326 A.2d 505, 507 (Pa. Super. 1974).

We recognize that both *Danzy* and *Dockins* are over four decades old and that the statutory definitions of burglary and robbery have changed within that time.[3] Appellant pleaded to burglary pursuant to 18 Pa.C.S. § 3502(a)(1) (effective 2014 to 2017), which, at the time he committed his crimes stated: "A person commits the offense of burglary if, with the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present[.]" Appellant pleaded to robbery pursuant to 18 Pa.C.S. § 3701(a)(1)(iv) (effective 2014 to present), which states: "A person is guilty of robbery if, in the course of committing a theft, he . . . inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]" Under these then-current definitions, all of the statutory elements of burglary are not included in the statutory elements of robbery and *vice versa*. Hence, pursuant to 42 Pa.C.S. § 9765, burglary and robbery do not merge for sentencing purposes, and the conclusions of *Danzy* and *Dockins* remain sound.

---

[3] Our research has failed to uncover and Appellant has filed to provide us with any more recent case law on the question of whether burglary and robbery merge for sentencing purposes.

For the reasons given above, we conclude that Appellant's first three challenges raised on appeal are meritless. As "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim[,]" ***Commonwealth v. Sneed***, 45 A.3d 1096, 1115 (Pa. 2012), Appellant's counsel cannot be deemed ineffective for failing to raise this merger claim, and Appellant's final issue on appeal is likewise without merit.

Having discerned no error of law, we affirm the order below. ***See Medina***, 2019 PA Super 119, *8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/2019