J-S09033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD A. SCOTT | |
| Appellant | No. 781 MDA 2015 |

Appeal from the Judgment of Sentence April 2, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000295-2009,
CP-36-CR-0000734-2010, CP-36-CR-0000736-2010,
CP-36-CR-0000739-2010, CP-36-CR-0000752-2010,
CP-36-CR-0001859-2013, CP-36-CR-0002081-2013,
CP-36-CR-0002083-2013, CP-36-CR-0002085-2013,
CP-36-CR-0002088-2013, CP-36-CR-0002229-2013,
CP-36-CR-0003563-2014, CP-36-CR-0003573-2014,
CP-36-CR-0003693-2014, CP-36-CR-0003795-2014,
CP-36-CR-0003796-2014, CP-36-CR-0003799-2014,
CP-36-CR-0003805-2014, CP-36-CR-0004108-2014,
CP-36-CR-0004544-2014, CP-36-CR-0004636-2009,
CP-36-CR-0005578-2012

BEFORE: PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED MARCH 15, 2016**

Ronald Scott files this direct appeal from his judgment of sentence of 15-30 years' imprisonment on 28 felony charges and 28 misdemeanor charges. We affirm.

In 2012 and 2013, Scott was charged with criminal offenses at the following dockets: 5578-2012 (Theft of a Motor Vehicle[1]); 1859-2013 (Theft

_____

[1] 18 Pa. C.S. § 3934(a).

by Deception[2]); 2081-2013 (Forgery,[3] 2 counts; Access Device Fraud,[4] two counts); 2083-2013 (Forgery; Access Device Fraud; Theft by Unlawful Taking[5]); 2085-2013 (Forgery; Access Device Fraud, two counts; Theft by Unlawful Taking); and 2088-2013 (Forgery; Access Device Fraud; Theft by Unlawful Taking) ("2012-13 charges").  After completing a drug and alcohol assessment and review, Scott was accepted into the Lancaster County Adult Drug Court Program.  As part of his acceptance into this program, Scott pled guilty to the 2012-13 charges.  The court deferred sentencing pending Scott's successful completion of the Drug Court program.

At the same time, Scott appeared for a parole and probation violation hearing on the following dockets: 0295-2009 (Theft by Deception); 4636-2009 (Theft by Unlawful Taking); 0734-2010 (Access Device Fraud); 0736-2010 (Access Device Fraud); 0739-2010 (Use of Stolen Credit Cards,[6] 12 counts); and 0752-2010 (Access Device Fraud, three counts) ("the PV convictions").  The court found Scott in violation of his parole and probation and recommitted him to serve the unexpired balance of his parole sentences

---

[2] 18 Pa. C.S. § 3922(a)(1).

[3] 18 Pa.C.S. § 4101(a)(2).

[4] 18 Pa.C.S. § 4106(a)(1)(i).

[5] 18 Pa.C.S. § 3921(a).

[6] 18 Pa.C.S. § 4106(a)(1)(i).

while leaving all periods of probation intact on each docket. Finally, Scott was ordered to successfully complete the aforementioned treatment program.

On May 21, 2013, Scott was paroled to a representative of the White Deer Run-Cove Forge Drug and Alcohol Rehabilitation Center. He completed his treatment there on June 27, 2013 and entered the Gatehouse for Men the same day.

On July 16, 2013, Scott pled guilty at No. 2229-2013 (Access Device Fraud, three counts; Receiving Stolen Property), and that docket was also brought into Drug Court. On August 1, 2013, Scott was unsuccessfully discharged from the Gatehouse for altering a prescription. Following this discharge, Scott began outpatient treatment at Human Services Associates ("HAS") on August 2, 2013.

Scott worked for Lancaster Asphalt from August 22, 2013 until September 5, 2013. On October 14, 2013, he obtained employment at L & S Sweeteners. Over the next several months, he successfully advanced into Phase III of the Drug Court Program. N.T., 4/2/15, at 13.

On April 9, 2014, however, Scott tested positive for cocaine despite denying that he used this substance. On April 11, 2014, a laboratory study confirmed his use of cocaine. On April 29, 2014, the court issued a bench warrant for Scott for his failure to report for a Drug Court review hearing. On May 18, 2014, Scott was arrested on new charges. On June 3, 2014, Scott was released from prison.

On June 9, 2014, Scott again missed an appointment with his probation officer. On June 17, 2014, Scott failed to report for a Drug Court review hearing, and the court issued a bench warrant for his arrest. On July 15, 2014, he was again arrested on new charges.

The new 2014 offenses were at the following docket numbers: 3563-2014 (Theft by Unlawful Taking; Access Device Fraud (two counts); Forgery); 3573-2014 (Theft by Unlawful Taking; Access Device Fraud (two counts); Forgery); 3693-2014 (Theft by Unlawful Taking; Access Device Fraud (two counts)); 3795-2014 (Retail Theft[7]); 3796-2015 (Access Device Fraud); 3799-2014 (Access Device Fraud); 3805-2014 (Access Device Fraud); 4108-2015 (Access Device Fraud (two counts); Forgery (two counts)) ("the 2014 charges")[8]. On August 5, 2014, as a result of these new criminal charges, Scott was discharged from the Drug Court Program. On November 6, 2014, a capias was filed charging Scott with violating his parole and probation by failing to successfully complete the Drug Court Program.

On January 27, 2015, Scott pled guilty to the 2014 charges. At the same time, the court held a probation and parole violation hearing on Scott's PV convictions. The court found Scott in violation but deferred sentencing

---

[7] 18 Pa.C.S. § 3929.

[8] Scott was also charged with theft by unlawful taking at No. 4544-2014. The court later sentenced him to restitution without imprisonment at this caption number.

pending completion of a pre-sentence investigation on dockets by the Office of Adult Probation and Parole Services.

On April 2, 2015, the court sentenced Scott on the 2012-2013 charges pursuant to his termination from Drug Court. He also stood for sentencing on the PV convictions and the 2014 charges. Scott received an aggregate sentence of 15 to 30 years' incarceration, plus costs and restitution. N.T., 4/2/15, at 21-22. On Monday, April 13, 2015, Scott filed a timely motion to modify sentence claiming that his sentence constituted a manifest abuse of discretion and was clearly unreasonable. On April 24, 2015, the court denied Scott's post-sentence motion. Scott filed a timely appeal, and both Scott and the trial court complied with Pa.R.A.P. 1925.

Scott raises a single issue in this appeal: "Whether the imposition of consecutive sentences resulting in an aggregate period of incarceration of not less than 15 and no more than 30 years' imprisonment was manifestly excessive and an abuse of discretion?"

[Scott]'s claim challenges the discretionary aspects of sentence. Our standard of review for discretionary aspects of sentencing claims is as follows:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

- 5 -

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted). "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Allen***, 24 A.3d at 1064. Here, Scott satisfied the first three prongs of this test by filing a timely appeal, preserving his claim of excessiveness in a post-sentence motion and providing a concise statement in his brief for allowance of appeal with respect to the discretionary aspects of sentence. In addition, the issue Scott raises – imposition of consecutive sentences is disproportionate to his crimes, in combination with allegations that the court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence – presents a substantial question for appeal. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa.Super.2014) (*en banc*) (defendant set forth substantial question for review with respect to consecutive nature of his sentence, as would support right to appeal from

- 6 -

discretionary aspect of sentence, where defendant asserted that imposition of consecutive sentences was disproportionate to crimes and that sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence).

We conclude, however, that Scott's challenge to the excessiveness of his sentence is devoid of merit. We agree with the trial court's excellent analysis of this issue, which we reprint below:

> I begin by noting that sentencing is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. **Commonwealth v. Wall**, [] 926 A.2d 957, 961 (Pa.2007). An abuse of discretion is more than an error in judgment. A sentencing court has not abused its discretion 'unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.' **Id**. (quoting **Commonwealth v. Smith**, [] 673 A.2d 893, 895 (Pa.1996)).
>
> In considering whether a sentence was manifestly excessive or unreasonable the appellate court must give great weight to the sentencing judge's discretion, as he or she is in 'the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.' **Wall**, [] 926 A.2d at 961 (quoting **Commonwealth v. Ward**, [] 568 A.2d 1242, 1243 (Pa.1990)). **See also Commonwealth v. Ellis**, 700 A.2d 948, 958 (Pa.Super.1997) (noting that the sentencing court is in the best position to measure various factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance or indifference) …
>
> The assertion that [Scott]'s sentence is manifestly excessive and an abuse of the court's discretion is without any support in the record or the facts of this case. Given the sheer number of criminal acts committed in this case, as well as [Scott]'s total exposure as far as lawful maximums and potential consecutive sentences, the judgment exercised in this case was neither manifestly unreasonable, nor the result of partiality, prejudice,

bias or ill-will, and, as such, the Court did not abuse its discretion. The sentence imposed was neither 'clearly unreasonable' nor so manifestly excessive as to constitute too severe a punishment. *See Commonwealth v. Mouzon*, [] 812 A.2d 617, 625 (Pa.2002).

Reduced to its essence, [Scott]'s sole claim on appeal is that the only 'reasonable' sentence that he could have received for his many crimes at the 22 different dockets at issue in this appeal is one that runs entirely concurrently. [Scott] was facing sentencing on 28 felony charges and 28 misdemeanor charges. The number of crimes which he committed between 2012 and 2014 could not be ignored by making all of the sentences concurrent with one another.

Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement. *Wall*, [] 926 A.2d at 965. In fact, our appellate courts have expressed disapproval of routinely running sentences concurrently lest criminals receive a 'volume discount' for their separate criminal acts. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (citing *Commonwealth v. Hoag*, [] 665 A.2d 1212 (1995) (stating an appellant is not entitled to 'volume discount' for his crimes by having all sentences run concurrently)). Consecutive sentences will be overturned only if the sentence imposed was 'clearly unreasonable.' *Commonwealth v. Fiascki*, 886 A.2d 261, 264 (Pa. Super. 2005). 'A sentence is 'clearly unreasonable' if it 'violates the requirements and goals of the [Sentencing] Code.' *Id*.

Long standing precedent recognizes that 42 Pa. C.S. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed, upon consideration of the individual circumstances concerning the defendant and the many crimes he committed. *See Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa.Super.2008) (citing *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super.2005)). *See also Commonwealth v. Diaz*, 867 A.2d 1285, 1288 (Pa.Super.2005) (affirming aggregate sentence of 12 to 24 years imposed upon 74-year-old appellant where court did not sentence on all forty-two counts, but rather, sentenced him to three consecutive terms for each

year of three year span of criminal activity); ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa.Super. 2004), ***affd***, [] 891 A.2d 1265 (Pa.2006) (affirming aggregate sentence of 26 to 100 years of imprisonment for ten robbery and related convictions where court considered pre-sentence report and the particular circumstances of the crimes).

It should be noted that many of [Scott]'s sentences were made concurrent. The sentences on Docket Nos. 5578-2012 and 1859-2013 were made concurrent to each other, as were the sentences on Nos. 3693-2014 and 3795-2014, Nos. 3796-2014, 3799-2014 and 3805-2014, and Nos. 0295-2009, 4636-2009, 0734-2010, and 0736-2010. As explained to [Scott] at his sentencing:

> Mr. Scott, do you understand that the ... sheer number of victims and the number of cases compel me as a judge, in the proper exercise of my duty, to impose a sentence that some would say is harsh. Frankly, some would say is light. As we discussed at the time of your guilty plea, the maximum potential sentences if all of these charges, just the new charges, not the PV charges, not the Drug Court charges, just the new charges, if they were sentenced consecutively, is 174 years. ... I honestly, in 15 years on the bench, can't think of another case where I have had to impose a sentence involving so many different charges, nonviolent offenses, that simply by the volume of them requires me to impose the sentence that I am about to impose.

(N.T., Sentencing, at 10-11.) This Court's decision to impose some consecutive sentences rather than all concurrent sentences resulted from a dispassionate, balanced and scrupulous review of the entire record in this case. [Scott]'s sentence was neither so manifestly excessive as to constitute too severe a punishment nor unreasonable given the sheer volume of the crimes committed and the circumstances of the cases.

[Scott] further claims that the Court failed to impose an individualized sentence which took into consideration [Scott]'s circumstances (***See*** Motion to Modify Sentence, at ¶¶ 19 -32.) This Court is very familiar with [Scott]'s circumstances having supervised him on a weekly basis since his admission into Drug

Court in May of 2013. Still, [Scott] argues that the Court failed to consider certain factors that would have mitigated against a sentence in the state correctional institution. First, [Scott argues that his] conduct was entirely motivated by his drug addiction' and 'all offenses involved were related to [Scott]'s overwhelming desire to purchase to [sic] drugs, as opposed to a desire to cause harm.' (*Id*. at ¶¶ 25-26; *see also* N.T., Guilty Plea/Sentencing, at 10.) Second, '[Scott] voluntarily sought entry into the Drug Court Program, evidencing his acknowledgment of a drug problem.' (*Id*. at ¶ 23; *see also* N.T., Sentencing, at 7.) Third, '[Scott] has shown his ability and desire to seek help,' 'his ability to follow rules of supervision,' 'an ability to function as a member of society,' 'a significant work history,' and he 'is educated.' (*Id*. at ¶¶ 28-32; *see also* N.T., Sentencing, at 6-7.) Fourth, '[Scott] has no history of violence,' and '[a]ll dockets and crimes for which [Scott] was sentenced involved a theft related offense and not a single crime of violence.' (*Id*. at ¶¶ 19-20; *see also* N.T., Sentencing, at 7.) Lastly, '[Scott] accepted responsibility for his actions by pleading guilty on all dockets.' (*Id*. at ¶ 22; *see also* N.T., Sentencing, at 6-7.)

It is clear that in fashioning this sentence the Court did consider the individual circumstances concerning [Scott] and the many crimes he committed. As noted at the sentencing hearing, the Court took into account the following factors: [Scott]'s age (55); his family history; his adult criminal record starting in 1994; his educational background; having completed college; his alcohol and substance abuse history, starting with his use of alcohol and marijuana while in college, cocaine at the age of 27, and crack cocaine at the age of 30; and his employment history. With regard to his extensive criminal history, [Scott]'s sentencing in April 2015 marked his sixteenth appearance before the Court, including seven prior probation/parole violations. (N.T., Sentencing at 23 -24.)

It is also clear from the record that this Court carefully considered the entire pre-sentence investigation report. (N.T., Sentencing at 24 -25.) As our Superior Court noted:

> Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume

that the court properly weighed the mitigating factors present in the case. ***Commonwealth v. Boyer***, 856 A.2d 149 (Pa. Super.2004). In ***Boyer***, we stated: 'In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors....'

***Commonwealth v. Fowler***, 893 A.2d 758, 766-67 (Pa.Super.2006).

Furthermore, the Court took into consideration [Scott]'s comments at the sentencing hearing and his letter of February 18, 2015 to the Court, as well as defense counsel's comments on behalf of [Scott]. (N.T., Sentencing at 4-10.) Defense counsel reiterated that [Scott] has struggled with a drug addiction throughout most of his adult life. (***Id***. at 5.) He stressed that [Scott]'s prior criminal history is related to his drug addiction. (***Id***.) To the extent that [Scott] argues that the trial court did not adequately consider these mitigating factors which were presented in the pre-sentence investigation report and by counsel, such a claim is not supported by the record and, in any case, does not raise a substantial question. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257-58 (Pa.Super.2004).

[Scott] also contends that the sentence was not consistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs. (***See*** Motion to Modify Sentence at ¶¶ 35 - 36.) I begin by noting that when 'sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community.' ***Commonwealth v. Roden***, 730 A.2d 995, 998 (Pa.Super.1999). [Scott] has a 20-year history of committing crimes against innocent victims. (N.T., Sentencing at 24 -25.) Many new charges occurred during the year while [Scott] was under the care and supervision of Drug Court. (***Id***. at 14.) Such behavior, while an active participant in

the Drug Court Program, shows society needs to be protected from [Scott].

[Scott] suggests that the Court should have sentenced him to a lesser time of incarceration and allowed him 'the possibility of ... becoming a contributing member of society.' (***See*** Motion to Modify Sentence at ¶ 27.) The fact that [Scott] disagrees with the sentencing court's conclusion regarding his rehabilitative potential does not render the sentence imposed an abuse of discretion. ***See Commonwealth v. Gibson***, 716 A.2d 1275, 1279 (Pa.Super.1998) (sentence of 10 to 20 years' imprisonment imposed for convictions of controlled substance possession with intent to deliver and conspiracy, which was outside sentencing guidelines, was appropriate where defendant was extensively involved in drugs at an early age, disregarded earlier opportunity to reform, failed to comply with court's previous sentencing orders, lost his job due to use of drugs, and spent his money on drugs rather than support his children).

This Court obviously considered the fact that [Scott] was accepted into the Drug Court Program in 2013 and provided with an opportunity to get clean and sober and live a law-abiding, productive life. A treatment plan was developed specifically for [Scott]. He was offered many chances to remain on probation in the Drug Court program, but he failed to take advantage of them. [Scott] continued to make extremely poor decisions and chose to reject the opportunities provided to him in Drug Court. He made the conscious decision to hold on to his addictive behaviors and to commit crimes. However, instead of being incarcerated for his new felony offenses committed while under supervision, [Scott] was allowed to remain in the community. Despite many warnings from this Court and several sanctions, including jail time, [Scott] did not comply with the terms of his treatment plan.

[Scott] has exhausted his rehabilitative opportunities at the County level. Furthermore, his history demonstrates he is simply not amenable to further community supervision. [Scott] will continue to be involved with drugs and is a significant risk to commit crimes if not incarcerated. Therefore, a sentence was imposed to protect the community from [Scott]'s criminal behavior, as well as to protect [Scott] from his own self-destructive behavior. I note that [Scott]'s sentence was structured to allow him to receive further drug and alcohol

- 12 -

treatment at the state level and to hold him accountable for his lifestyle choices. (***See*** N.T., Sentencing at 23.)

[Scott]'s rehabilitative needs clearly have been considered by virtue of his original admission into the Drug Court program and by his continued participation in the program for over one year despite his relapses and criminal activity. It is clear from the record that the more structured environment of state incarceration has become necessary for [Scott] and is clearly warranted in this case.

Lastly, [Scott] claims the Court erred in sentencing him outside of the sentencing guidelines. The standard range guidelines for the 20 felony 3 charges, the 8 felony 2 charges, the 26 misdemeanor 1 charges, and the 2 misdemeanor 2 charges were between 6 and 18 months. Each of [Scott]'s sentences of 12 months incarceration for these felonies and misdemeanors was clearly within the standard range of the sentencing guidelines. This issue, therefore, lacks merit.

In conclusion, [Scott]'s assertion that his sentence is manifestly excessive and an abuse of the court's discretion is without any support in the record or the facts of this case. Given the sheer number of criminal acts committed in this case, as well as [Scott]'s total exposure as far as lawful maximums and potential consecutive sentences, the judgment exercised in this case was neither manifestly unreasonable, nor the result of partiality, prejudice, bias or ill-will, and, as such, the Court did not abuse its discretion. The sentence imposed was neither 'clearly unreasonable' nor so manifestly excessive as to constitute too severe a punishment. ***Mouzon***, 812 A.2d at 625.

Pa.R.A.P. 1925(a) Opinion, at 8-16 (with minor revisions in citation form).

For the reasons articulated by the trial court, we conclude that it acted within its discretion in sentencing Scott to an aggregate term of 15-30 years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2016